UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

ANDREY SHEVLYAKOV,
also known as "Andrei Sevljakov,"

Defendant.

– – – – – – – – – – – – – – – – – – X

PRELIMINARY ORDER OF FORFEITURE

22-CR-490 (RPK)

WHEREAS, on or about July 23, 2026, Andrey Shevlyakov, also known as "Andrei Sevljakov" (the "defendant"), entered a plea of guilty to the offenses charged in Counts One and Five of the above-captioned Indictment, charging violations of 50 U.S.C. §§ 1705(a) and 4819(a)(1); and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and 50 U.S.C. § 4819(d)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of one million five hundred thousand dollars and zero cents ($1,500,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the assets listed in Exhibit A (collectively, the "Seized Property"), as: (a) any property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violation of 50 U.S.C. § 1705(a); (b) any property used or intended to be used, in any manner, to commit or facilitate the defendant's violation of 50 U.S.C. § 4819(a)(1); (c) any property constituting or traceable to the gross proceeds taken, obtained, or retained, in connection with or as a result of the defendant's violation of 50 U.S.C. § 4819(a)(1); (d) any property constituting an item or technology that was exported or intended to be exported in

violation of the Export Control Reform Act; and/or (e) substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 50 U.S.C. § 4819(d)(2).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and 50 U.S.C. §§ 4819(d)(1) and 4819(d)(2), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Seized Property. The forfeiture of the Seized Property shall not be credited towards any outstanding balance of the Forfeiture Money Judgment.

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to the Asset Forfeiture Section, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full 30 business days before the date of sentencing (the "Due Date").

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Seized Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

4. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website

www.forfeiture.gov, of its intent to dispose of the Seized Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Seized Property as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Seized Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Seized Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Seized Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Seized Property or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Seized Property and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Seized Property passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate

the surrender and forfeiture of the Seized Property to the United States. Further, if any third party files a claim to the Seized Property, the defendant will assist the government in defending such claims. If the Seized Property or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Seized Property, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), as incorporated by 50 U.S.C. § 4819(d)(2). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

7. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim.

P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

9. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Seized Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Seized Property and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, two (2) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Ana Tejada, FSA Paralegal, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Brooklyn, New York
_________________________, 2026

SO ORDERED:

_________________________________
HONORABLE RACHEL P. KOVNER
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

EXHIBIT A

| Items in Federal Bureau of Investigation Custody | |
|---|---|
| FBI Evidence Number | Description |
| IBI | MikroTik Power Box Pro |
| 1B2 | MikroTik Power Box Pro |
| 1B3 | MikroTik Power Box Pro |
| 1B4 | MikroTik Power Box Pro |
| 1B5 | MikroTik Power Box Pro |
| 1B6 | MikroTik Power Box Pro |
| IB7 | MikroTik Power Box Pro |
| IB8 | MikroTik Power Box Pro |
| IB9 | TME Electronic Components |
| IB10 | TME Filament Lamp; Transko Crystal Comcloc; AFW Technologies Adapter; Farnell Sleeving; TNT Switches; Molex Connectors; Lovato Electric Switch; Harrington Contact Pins |
| 1B11 | Assorted Parts and Components |
| 1B12 | Rectifiers. Connectors. Heat Sinks |
| IB13 | STMicroelectronics Development Boards |
| 1B14 | Arm Debugging Device; Farnell Sleeving; Farnell Cable/Wire; Distrelec DC-DC converter: DPD Cable, ITI Plug with RF! Shield |
| 1B15 | Connectors; Switch To!!e:les; Network Switch |
| 1B16 | ISEG High Voltage Power Supply and Cables |
| 1B19 | 2 Apple iPhones with Shipping Documents |
| 1B20 | MikroTik Power Box Pro |
| 1B21 | MikroTik Power Box Pro |
| 1B22 | MikroTik Power Box Pro |
| IB23 | MikroTik Power Box Pro |
| lB24 | Elsa Position Switches; Electronic components from Mouser, Farnell, DigiKey |
| 1B25 | Electronic components |
| 1B26 | Box addressed to Andrei Iljin - Marnik OU |
| lB27 | Assorted electronic components from Distrelec, Omnical, Harting, ILME, DF Electric, Balluff, Megaval, Fanrell, and Microtik |
| 1B28 | Assorted electronic components from Bourns, Mouser, DK, Ferroxcube, and Distrelec |
| 1B29 | Assorted electronic components from Mouser, Digikey, Arrow, Nippon Chemical, and other companies |
| 1B30 | Packages from Panstar Automation Technology Co.. Ltd. And Empower SCM Ltd. containing screwballs; A package from Elektronische Bauelemente containing two power modules |
| 1B31 | Package from Onlinecomponents.com containing electronic components |
| 1B32 | Packages from PEI Genesis. Rochester Electronics, and DigiKey containing electronic components |

| | |
|---|---|
| I B33 | Components from ISEG, including a high voltage AC/DC power supply |